## No. 16,770.

### Ray v. The People.
(243 P. [2d] 762)

Decided April 14, 1952. Rehearing denied April 28, 1952.

Mr. WALTER F. SCHERER, Mr. ALLEN W. BROADSTREET, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. FRANK WACHOB, Assistant, for the people.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

THE parties hereto appeared in reverse order in the trial court, and for convenience we shall herein refer to plaintiff in error as defendant, and to defendant in error as the People.

Defendant was charged with embezzlement and larceny as bailee in an amended information in five counts, all relating to the same transaction. He entered pleas of not guilty to all counts. At the conclusion of the People's case, defendant moved for a dismissal of counts 1, 3 and 4 of the information, which motion was granted, and these counts were dismissed by the court. At the conclusion of all the evidence, defendant moved that the District Attorney be required to elect upon which of the two remaining counts he would stand, and the District Attorney elected to stand on count 5, in which it was charged that defendant, on the tenth day of January, 1950 in Chaffee County, Colorado, then and there being an agent of the Bert F. Jones Company, a Colorado Corporation, having in his possession and under his care a certain check made payable to said Company, executed by David M. Cochran on January 8, 1950, in the sum of Two Hundred Dollars, of the value of Two Hundred Dollars, and that said defendant while so in possession of such check, without the consent of said Company, did then and there

feloniously embezzle and fraudulently convert the same to his own use with intent to embezzle and steal said check, being the goods and personal property of said Bert F. Jones Company. Upon the trial the issue thus presented under count 5 of the information was submitted to the jury, and a verdict finding defendant guilty as charged in said count, and recommending leniency, was returned. Judgment was entered upon the verdict, sentence imposed, and defendant brings the cause here by writ of error.

Defendant was an agent of the Bert F. Jones Company, engaged in selling tires throughout the western part of Colorado. He was to pay all his traveling expenses, deriving his compensation on a profit-sharing basis, and required to remit to the company all moneys collected. On January 8, 1950, David M. Cochran, engaged in the garage business at Meeker, Colorado, gave defendant a check in the sum of $200.00 made payable to Bert F. Jones Company in part payment of Cochran's account with the company. On or about January 8, 1950 defendant endorsed this check with the company name, by himself; requested a Salida businessman to cash the check at the First National Bank of Salida, and the proceeds of the check were then delivered to defendant.

Various officers and employees of Bert F. Jones Company testified that defendant had not remitted the $200.00 to the company. Defendant, testifying in his own behalf, admitted that he cashed the check and received the proceeds therefrom, as above recited; he testified further that he used $40.00 of this money to pay his expenses until he returned to Denver; that upon his return to Denver he was given a check for $50.00 by the Bert F. Jones Company; that he cashed this check, and from the proceeds thereof replaced the $40.00 which he had used out of the $200.00 Cochran check, and turned the full amount of $200.00 in cash over to one Bill Pfost, a part-time employee of the Bert F. Jones Company. Pfost,

called as a witness for the People on rebuttal, denied having received any money from defendant.

In addition to the evidence above mentioned, the People were permitted to establish, over defendant's objection, that defendant had on November 26, 1949 received a check, exhibit "B," for $97.85 from one Forrest Dice, in payment of a debt of Dice to the Bert F. Jones Company; that he cashed the check and failed to account for the proceeds to Bert F. Jones Company. Similar evidence was admitted for the purpose of proving that on or about February 7, 1950 defendant collected $300.00 in cash from the Valley Garage on an indebtedness due Bert F. Jones Company, and accounted to the Jones Company for only $100.00 of this collection.

Defendant assigns error in the admission of Exhibit "B," which is a check drawn by Forrest Dice, dated November 26, 1949, on the Gunnison Bank and Trust Company, payable to Bert F. Jones Company, in the sum of $97.85. In addition to the stamped bank endorsements, the reverse side of the check shows a written endorsement as follows:

"Bert F. Jones Company
1426 16th Street
Denver, Colorado
R. F. Ray"

Underneath this written endorsement, which was identified as being in the handwriting of defendant, and admitted by him to be such, appears a stamped endorsement, as follows:

"Mt. Vernon Service
Rt. 3, Box 229, Highway 40
Golden, Colorado"

There also is disclosed on the check a perforation, showing it was paid, and giving the date of cancellation. The Exhibit affords evidence of its payment by the drawee bank.

This Exhibit "B" in its present condition was delivered by Dice to Bert F. Jones Company, after Dice had not

received credit therefor, and Dice then was credited with the amount thereof on his account with the Jones Company. Defendant testified regarding the proceeds of Exhibit "B" after he had cashed it at the Mt. Vernon Service, stating: "I used what was necessary for me to use as expenses, and then turned in, upon returning to Denver, turned in the equivalent, along with an original, which I am sure was made out on that, to the office in Denver." Defendant further testified he had no recollection of the identity of the person in the Jones Company to whom he delivered the $97.85. He made no objection to the testimony regarding the collection of $300.000 cash from the Valley Garage. He did assert, in his evidence, that he had turned in to the Company all of the $300.00, but did not recall to whom he made delivery on its behalf.

Defendant, on the witness stand, identified Exhibit "B," stated when and how he received it, and for what purpose he received it; that he had endorsed the check with the name of Bert F. Jones Company; had cashed the check at the Mt. Vernon Service; that he had used the proceeds from the check "as expenses"; and on his return to Denver turned in an equal amount to the Company. The receipt of this money was denied by representatives of Bert F. Jones Company, as well as that relating to the $200.00 of the Valley Garage.

If any details were omitted by the People in proving Exhibit "B," the defendant, by his evidence, voluntarily supplied the missing details when he testified that he picked up Exhibit "B" for credit on the Dice account and endorsed the payee's name thereon, by himself, and cashed the $97.85 check at the Mt. Vernon Service.

Upon the trial, defendant's counsel insisted that evidence of these other transactions was inadmissible.

 It has repeatedly been held by our court that it is competent to show that a defendant on trial for a specific offense has participated in similar offenses, in order to establish either motive, intent, plan, design or scheme, and establish defendant's identity, and that such evidence

is not inadmissible merely because it establishes that defendant is guilty of another offense. *Schneider v. People,* 118 Colo. 543, 199 P. (2d) 873; *Perry v. People,* 116 Colo. 440, 181 P. (2d) 439; *Williams v. People,* 114 Colo. 207, 158 P. (2d) 447; *Torbert v. People,* 113 Colo. 294, 156 P. (2d) 128; *Coates v. People,* 106 Colo. 483, 106 P. (2d) 354.

In *Perry v. People, supra,* our court said, quoting from Wharton's Criminal Evidence (11th ed.) pp. 527, 528, §352: "Evidence of other crimes may be admitted when it tends to establish a common scheme or plan embracing the commission of a series of crimes so related to each other that proof of one tends to prove the other, and to show the defendant's guilt of the crime charged."

In the instant case the trial court was careful to instruct the jury as to the purpose for which evidence of other transactions was admitted, and the cautionary instructions given by the trial court were in conformity with our rulings in *Perry v. People, supra,* and *Torbert v. People, supra.*

Defendant's tendered instruction No. 2 reads as follows: "The court instructs the jury that they are to disregard for any and all purposes any reference to the collection of or failure to account for the cash alleged to have been received from the Valley Garage at Sargents, Colorado, as not being material as to any issue in this case." The trial court properly refused to give this instruction in view of the rule of law announced in cases above cited.

Instruction No. 4, given to the jury, reads as follows: "The jury is instructed that in order to constitute the crime of embezzlement, a felonious intention, that is an intention to steal, must always exist. And under our statutes, making the conversion of property to his own use by the defendant embezzlement, the crime is not made out by merely showing a conversion of the property to his own use by the defendant, but it must further appear that such conversion was with an intent to steal.

The jury are further instructed that the taking or conversion of personal property which renders a person guilty of embezzlement, is a felonious taking or conversion, and before you can convict a defendant in this case you must be satisfied, from the evidence, beyond a reasonable doubt, that the check mentioned in the information was converted to his own use by the defendant, with an intention to steal said check." Defendant insists that the giving of this instruction constituted error, because it should have contained the words "at the time" between the words "intention" and "to" in the last line of this instruction. Defendant's tendered Instruction No. 1 was practically identical with Instruction No. 4, given by the court, with the exception of the words "at the time."

By all the testimony in the record, the time when the embezzlement occurred was fixed as prior to the date set out in the information. Defendant testified that he used at least part of the proceeds of Exhibit "A" for "additional expense money." Defendant, by his own testimony, fixed the time he so converted the check to his own use as prior to January 10, 1950, the date charged in the information. The giving of instruction No. 4 did not constitute error.

The issues in this case were hotly contested, but all proceedings were under the careful supervision of the trial court. Defendant, by his evidence, sought to show that he had in each transaction to which reference was made by the People's witnesses, made payment of the amount involved to the Bert F. Jones Company. He admitted that he had cashed the Cochran check; the $97.85 check given him by Dice; and had received the $300.00 cash from the Valley Garage. His defense was that, in each instance he had paid the full amount so received by him to the company. Had the jury believed these statements of the defendant, it would have exonerated him.

A careful examination of the record amply demonstrates that defendant had a fair trial. He was represented in the trial court, and here, by counsel of ability

388

and experience. The evidence as set out in the record supports the verdict, and the trial court carefully and properly instructed the jury.

We find no error in the proceedings; accordingly, the judgment is affirmed.