RALPH PHILIP TROIANI, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5077

October 6, 1966            418 P.2d 814

---

*Alfred Becker,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *Edward G. Marshall,* District Attorney, *Monte J. Morris,* Deputy District Attorney, and *James D. Santini,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

On December 5, 1964, at or about 5:00 a.m., Ralph Troiani was arrested in Las Vegas and charged with the crime of robbery. After he was lodged in jail, police officer Robert Manning attempted to interview him. Before any questions were asked he advised Troiani of the charge, of his right to remain silent, that anything he said would be used against him in a court of law, and that he was entitled to be represented by an attorney. The appellant's only response was that "he wouldn't say anything until he saw an attorney." Manning immediately ceased any further efforts to interrogate and left. Nine hours later the officer, in response to a written note from Troiani that he wanted to speak to Manning, went to see him, whereupon Troiani told Manning the details of the crime, but then refused to reduce the statement to written form saying that his employer would probably get a lawyer to assist him and that he wanted to wait for that event.

At the trial, Troiani denied that he gave an oral confession, also denied participation in the crime, but was found guilty. His sole basis of appeal is that it was error to admit the purported confession into evidence for the reason that while the officer gave the required constitutional admonitions at the first meeting between Manning and Troiani, the warnings were not repeated at the second meeting when the incriminating statement was given.

1.  The trial below occurred after Escobedo v. Illinois, 378 U.S. 478 (1964), and before Miranda v. Arizona, 384 U.S. 436 (1966). In accordance with Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772 (1966), the issue here is therefore controlled by Escobedo and is confined solely to the question of whether the constitutional safeguards once given, need be repeated before a subsequent interrogation.

We do not here meet the factual circumstances of White v. State, 82 Nev. 304, 417 P.2d 592 (1966), for here Troiani's statement was not in response to interrogation. Instead, this case is like that of Rainsberger v. State, 81 Nev. 92, 399 P.2d 129 (1965), wherein Rainsberger confessed after being confined almost ten days. There, we said, "* * * On that occasion Rainsberger sent word to a deputy sheriff that he wanted to talk to him. Talk he did. A full confession of his crime was voluntarily given * * * His confession was not coerced. He asked to speak out. His statements were not solicited. There is no evidence that he was abused by the police during the ten days of his confinement before he confessed. He was not threatened nor were promises made. Though it is true he complained of stomach pains, the services of a physician were neither requested nor needed. His jail cell was apparently as good as the area could then provide * * *."

Moreover, as in Rainsberger, supra, the contention is not made that Troiani lacks intellectual capacity. From the separate questioning by the trial judge, it is apparent that he does not. The mandate of Escobedo was met and satisfied at the first meeting between the officer and appellant and did not require repeating in order to insure Troiani's "awareness."

We direct the lower court to give appellant's court-appointed counsel the certificate specified by NRS 7.260(3) for compensation of services on this appeal.

Affirmed.

THOMPSON and COLLINS, JJ., concur.