No. 21873.

KENNETH RICHARD BESCH *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(420 P.2d 821)

Decided December 12, 1966.

DUNCAN J. CAMERON, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*En Banc.*

PER CURIAM.

THE plaintiff in error, hereinafter referred to as the defendant, was tried by a jury and convicted of the crimes of aggravated robbery and conspiracy to commit robbery. From the judgment of the trial court, the defendant brings this writ of error.

Defendant first contends that the transcribed questions propounded to him and the answers which he gave, offered into evidence as People's Exhibit A, were erroneously admitted for the reason that the transcribed document was not signed by the defendant. At the trial a hearings' reporter for the Denver Police Department testified as to the oral conversations in a question-and-answer form between Detective Lopez and the defendant. The reporter further testified that she took the notes in shorthand and accurately transcribed them into typewritten form. Detective Lopez also testified as to the answers of the defendant made to the questions propounded and that such questions were accurately transcribed by the stenographer. There was sufficient testimony that the answers contained in People's Exhibit A were made as the free and voluntary act of the defendant.

The admissibility of a voluntary confession given in the presence of a stenographer who took the oral conversation in shorthand and subsequently reduced the

transcript of such conversation to writing and presented it to the court, is not affected because the document was not signed by the defendant. In *Bosko v. People,* 68 Colo. 256, 188 Pac. 743, a part of the evidence introduced on behalf of the People were typewritten confessions in the form of questions and answers, the accuracy of which was testified to by a stenographer who took them in shorthand and extended them in writing. There was no proof introduced that such confessions were signed by the defendant. The court held that the absence of such proof was immaterial, and aptly stated the following:

"* * * It is contended that these confessions were inadmissible because the signatures thereto were not proven. The absence of such proof is wholly immaterial. They did not depend thereon for their admissibility. Had the signatures been proven the confessions might have been admitted without the testimony of the stenographer. They would then have depended for their admissibility upon the proof of the signatures and been admitted under the rule governing written confessions. In the absence of such proof their admissibility rested entirely upon the evidence of the stenographer who took them. Her testimony is not of the execution of written documents but of oral conversations, supplemented by the transcript of those conversations from her shorthand notes and the presentation thereof to the court, hence the objection is without merit."

The defendant further contends that statements made by him at the time of his arrest were inadmissible for the reason that they were involuntarily made. From the record it appears that at the time of the defendant's arrest he was playing cards in a room with three other persons, and that the arresting officers then entered the room and told the defendant that he was under arrest. The defendant said, "They," referring to the other men present, "didn't have anything to do with it or know anything about it." One of the detectives then stated, "Do you know why we are here?"; to which the de-

fendant answered, "Yes, the robbery." The defendant further stated, "It is not here." And when asked, "What is not here?" he said, "The gun." The defendant now contends that these statements should not have been admitted into evidence since he had not been informed that he had a right to remain silent and that any statement made by him could be used against him upon trial for the offense concerning which he was held in custody. In support of his contention he cites *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

The instant case, on its facts, does not come within the Escobedo rule. The statements of the defendant were his voluntary spontaneous comments made at the time of his arrest, and we have dealt with the law under such facts in *Maes v. People,* 160 Colo. 528, 418 P.2d 891; *LaBlanc v. People,* 160 Colo. 575, 418 P.2d 888; *Ballay v. People,* 160 Colo. 309, 419 P.2d 446.

As to the other points in the summary of argument of the defendant, we find that they are without merit. The record shows that there was sufficient corroborating evidence, apart from the confession, to submit the count of conspiracy to the jury; we further find that there was sufficient, if not overwhelming, proof as to the identity of the defendant; and, lastly, that these questions were properly submitted to the jury for their determination.

The judgment is affirmed.