Mr. Chief Justice Moore
delivered the opinion of the Court.
Plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of larceny of a typewriter from the Murphy Implement Company of Longmont, Colorado. Following the jury' verdict he was sentenced to the state penitentiary for a term of not less than five nor more than seven years.
Prior to trial defendant moved to suppress certain evidence which was taken from his private automobile in Lafayette, Colorado, namely, one Olympia typewriter. After an evidentiary hearing the motion to suppress was denied. During the trial the defendant renewed his motion to suppress. This also was denied.
The evidence established that on June 5, 1965, after *588 5:30 P.M., an employee of Richards Hardware store — which is located three blocks north of the Murphy Implement Company ■—■ observed one of the hardware store’s lawnmowers in the trunk of a red sports car. As the car was moving away the employee noted that there were two male persons in the car and that the license number was RX 3894. The People proved that the lawnmower had not been given or sold to the defendant, or, for that matter, to anyone.
Upon determining that the lawnmower had been stolen, the description of the two male persons and of the automobile with its license number, was given to the Longmont police department. The police notified the Lafayette, Colorado, police department to be on the alert for the red sports car. At approximately 6:30 P.M. two Lafayette police officers observed the red sports car with the lawnmower in the trunk. At this time the defendant and one David L. Leyva were arrested.
When the defendant and Leyva were arrested the police saw a typewriter on the floor of the automobile, and, in addition, saw a leather case with the name Murphy Implement Co. on it. These items were in plain view. Thereafter the information concerning the observed items was relayed to the Longmont police department. After an immediate investigation, the Longmont police determined that certain items were missing from the Murphy Implement Co. Mr. Murphy of the Murphy Implement Co. testified that the typewriter in question was in his office on the 5th day of June, 1965, at approximately 5:30 P.M. when he closed and locked his building. About 8:00 P.M. on the same evening, and after the police had called him, he noted that the typewriter was missing, along with other items.
Mr. David L. Leyva, the alleged accomplice of the defendant, testified for the People. He stated to the effect that he went to Longmont with Peppers; that he remembered being inside a building with the defendant; that they had a lawnmower in the car; that while in the *589 building he saw the stamp which was in the leather case with the Implement Company name on it; and that the typewriter was not in the car when they left Denver. The defendant was the only witness who testified for the defense. He admitted two previous convictions of a felony. His testimony was to the effect that he and Leyva had been drinking and that he was asleep during the time the theft was committed. His testimony was in essence a general denial of everything connected with the crime charged.
As grounds for reversal it is argued that the typewriter was improperly admitted in evidence in that it was the product of an unreasonable search and seizure. There is no merit to this argument. Alire v. People, 157 Colo. 103, 402 P.2d 610; Garcia v. People, 160 Colo. 220, 416 P.2d 373; Castas v. People, 160 Colo. 152, 415 P.2d 344.
It is also urged that the court erred in receiving the evidence relating to the theft of the lawnmower found in the trunk of the car in which defendant was arrested. The limited purpose for which this evidence was offered was explained to the jury and the precautions prescribed by our opinion in Stull v. People, 140 Colo. 278, 344 P.2d 455, were taken. No error was committed in this connection.
The judgment is affirmed.
Mr. Justice McWilliams not participating.