205 So.2d 547 (1967)
Daniel BIGLOW, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-306.
District Court of Appeal of Florida. Third District.
December 27, 1967.
*548 Robert L. Koeppel, Public Defender, and Marvin J. Emory, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Arthur Rothenberg, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
The sole question presented on this appeal is whether or not it was incumbent upon police officers to advise the appellant that any admissions against interest could be used against him in a judicial proceeding.
The appellant and two others were arrested on a charge of robbery, after identification by the victim. The appellant was interrogated by a police officer by the name of Goldman, and refused to make any statement. Thereafter, and while still incarcerated, the appellant declined to make any statement to a Detective Palombi and subsequent thereto he and the others charged with the crime requested to talk to Detective Palombi, at which time they were taken from their cells into an office and whereupon they were advised as follows:
* * * * * *
"A They were advised of their constitutional rights. They were advised that if they wanted to speak to me in connection with this matter, they may. They were advised they have a right to remain silent. They were also advised that they could have an attorney present at the time they were talking to me, and if they couldn't afford an attorney we would furnish counsel for them. They were advised ".
* * * * * *
At the time of the trial, Detective Palombi was permitted to testify to the admissions then made by the appellant.
The sole point on appeal for reversal is that the appellant was not warned that anything that he admitted could be used against him in a judicial proceeding, as required by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. We fail to find this point to be well taken. It is apparent from this record that the admissions given were not as a result of custodial interrogation but, in fact, were voluntary and therefore it was not incumbent upon the investigating officer to advise the appellant that any admission could be used against him in a judicial proceeding. Davidson v. United States, 10th Cir.1966, 371 F.2d 994; United States v. Cruz, W.D.Tex. 1967, 265 F. Supp. 15; Maes v. People, Colo. 1966, 418 P.2d 891; Besch v. People, Colo. 1966, 420 P.2d 821; Rainberger v. State, 81 Nev. 92, 399 P.2d 129; Troiani v. State, 1966, 82 Nev. 357, 418 P.2d 814.
*549 In Davidson v. United States, supra, the following is found:
* * * * * *
"* * * The confession here is not only a voluntary one but it is a volunteered confession made without solicitation or interrogation by the officers. Actually, appellant stands in the same position as the man who walks into the police station and confesses a crime. In Miranda v. State of Arizona * * * Chief Justice Warren commented, `There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person
"47. People v. Dorado, 62 Cal.2d 338, 354, 42 Cal. Rptr. 169, 179, 398 P.2d 361, 371 (1965).
who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.' That statement by the Chief Justice imports to us that protections afforded under both the Fifth and Sixth Amendments are not to be applied in cases involving volunteered confessions. * * *"
* * * * * *
In United States v. Cruz, supra, the following is found:
* * * * * *
"* * * The Court in Miranda v. State of Arizona, supra, makes it clear that it is self-incrimination which is involved where an arresting officer proceeds to interrogate a person in custody. In that case it was stated (p. 444 of 384 U.S., p. 1612 of 86 S.Ct.): `Prior to any questioning, the person must be warned * * *.' Therefore, before proceeding with questions the answers to which might incriminate such person, the arresting officer is required to give him proper warnings. If the arresting officer has not attempted or is not attempting to have the arrested person incriminate himself, there would seem to be no need of such warnings. Therefore, it seems clear that volunteered, spontaneous, and freely made utterances made by an arrested person would not come within the scope of the rule of Miranda v. State of Arizona, supra."
* * * * * *
In Maes v. People, supra, the following is found:
* * * * * *
"* * * The pertinent statements of the accused were not made in response to any question directed to him. They were wholly unsolicited. There is no duty on a police offer to seal the lips of persons in custody by resort to adhesive tape or gag to prevent them from making any statement which might be incriminating. Ballay v. People, Colo., 419 P.2d 446, decided August 2, 1966."
* * * * * *
Therefore, for the reasons above stated, the conviction, sentence and judgment here under review is hereby affirmed.
Affirmed.