No. 22181.

TERRY LYNN PEPPERS *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(441 P.2d 668)

Decided June 10, 1968.

DONALD P. MACDONALD and L. THOMAS WOODFORD, for
plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY,
Deputy, GEORGE E. DeROOS, Assistant, for defendant in
error.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

Terry Lynn Peppers, hereinafter referred to as defendant, was convicted of grand larceny of a typewriter belonging to the Murphy Implement Company of Longmont. He received a sentence of from five to seven years in the state penitentiary. Appearing *pro se* he caused a writ of error to issue; the record presented was reviewed by this court; and the judgment was affirmed on June 7, 1967. *Peppers v. People,* 162 Colo. 586, 427 P.2d 870. The facts involved in the offense are set forth in detail in that opinion and they will not be repeated here.

Following the announcement of this court's opinion and in harmony with the views of the Supreme Court of the United States pertinent to the question as to whether a licensed attorney should have represented the defendant in the proceedings on writ of error, this court, on October 5, 1967, directed that the trial court appoint an attorney to represent the defendant in this court. Counsel was appointed as directed and new briefs have been filed by him on behalf of the defendant, as well as by the Attorney General on behalf of the People.

The only point which is urged on this second review which was not treated in the former opinion is that,

"The trial court committed reversible error by allowing the district attorney to endorse four witnesses within two days prior to the trial."

*Kloberdanz v. People,* 95 Colo. 30, 31 P.2d 1111, relied upon by the defendant, is clearly distinguishable on the facts. There, counsel for the accused made a strong showing of surprise and requested a "continuance for twenty-four hours in order that witnesses might be summoned to rebut the testimony" offered by the witnesses who were endorsed over objection on the morning of the trial.

Before an accused can urge reversible error in this court on the claim of abuse of discretion by the trial court in permitting the endorsement of witnesses shortly before trial, the record must disclose a showing of surprise and a request for a continuance. *Raullerson v. People,* 159 Colo. 395, 412 P.2d 236; *Goldsberry v. People,* 149 Colo. 431, 369 P.2d 787. Nothing of the kind appears in the instant case.

We have also examined arguments in the briefs of counsel now before us on the points discussed in the former opinion, and are convinced that with respect to them our former decision was correct.

The judgment is affirmed.