212 So.2d 57 (1968)
Victor ORTIZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-588.
District Court of Appeal of Florida. Third District.
June 25, 1968.
Robert L. Koeppel, Public Defender and Jeffrey Michael Cohen, Asst. Public Defender, for appellant.
*58 Earl Faircloth, Atty. Gen. and Arthur L. Rothenberg, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
PER CURIAM.
Ortiz was adjudged guilty of larceny of a truck after a non-jury trial and was sentenced to 18 months in prison. He presents two points upon appeal. The first questions the sufficiency of the evidence and urges that the court erred in failing to grant his motion for a directed verdict made at the close of the State's case. The second urges that the court committed reversible error when it admitted into evidence appellant's statement made to the arresting officer.
Appellant was employed by Lebon Cleaners in Miami. In March 1967 the owner of Lebon reported that one of his trucks had been stolen. Shortly after the report was made, the truck, with Ortiz driving, was involved in an accident in Bunnell, Florida, about 300 miles from Miami. Highway Patrol Trooper Neely arrested Ortiz. After Neely advised Ortiz of his constitutional rights as outlined in Miranda,[1] Ortiz told Neely that he had taken the truck for the express purpose of driving to New York to see his wife. Neely's account of Ortiz's statement was admitted into evidence over the objection of defense counsel.
Ortiz argues that Neely did not meet Miranda standards in advising him of his constitutional rights, and that the inculpating statement should therefore not have been admitted into evidence. Although Neely did not recite the Miranda formula verbatim, he did adequately and fully inform the appellant of his constitutional rights.[2] The warning was sufficient and the confession was properly admitted. See Biglow v. State, Fla.App. 1967, 205 So.2d 547.
The appellant also contends that without the inculpating statement there was not sufficient evidence upon which to base the judgment. This contention is without merit. The record contains evidence sufficient to sustain the conclusion of the trier of fact that the appellant was guilty of larceny of the truck even if the inculpating statement had been excluded. See Cone v. State, Fla. 1953, 69 So.2d 175; Borghese v. State, Fla.App. 1963, 158 So.2d 785.
Affirmed.
NOTES
[1] Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] "Q What did you tell him?

A I told him he did not have to tell me anything. He could obtain a lawyer, and if he was not in a position to obtain a lawyer, the State would furnish one to him. I told him he did not have to tell me anything without the advice of Counsel. He advised me that he would tell me about it."