## No. 22531.

### Michael Eugene Gould v. The People of the State of Colorado.

(445 P.2d 580)

Decided October 7, 1968. Rehearing denied October 21, 1968.

BRENMAN, CIANCIO, ROSSMAN & BAUM, MARTIN ZEROB-NICK, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant for defendants in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

GOULD, hereinafter referred to as the defendant, was found guilty by a jury of "aggravated robbery." He urges reversal of the trial court's judgment on the verdict and the sentence on a variety of grounds including (1) the purported error of the trial court in allowing into evidence the defendant's confession and his statements admitting the commission of similar transactions; (2) the alleged improper denial of the defendant's motions for mistrial; (3) the court's limitation of defendant's cross-examination of a medical witness for the people; and (4) the purported erroneous refusal of the trial court to give two of the defendant's tendered instructions.

The following basic facts are briefly summarized. Other facts and specific testimony will be added where necessary during the discussion of specific alleged errors.

On May 3, 1965 at about 9:15 P.M., a man with the lower part of his face covered by a hankerchief entered a grocery store in Denver and at gunpoint ordered the employees and customers to lie down on the floor. He then removed the cash from two registers and took a carton of Kool cigarettes. Later that evening, the defendant was arrested in Jefferson County as a suspect and also because he was wanted as an escapee from the Colorado State Penitentiary. The following morning, the defendant was transferred to the Denver City Jail where he was interrogated. During the course of this interrogation, he admitted that he had committed the previous night's armed robbery at the grocery store and also admitted that he had committed four other similar robberies in the Denver area. He signed a confession and statements admitting the commission of other similar robberies.

## I.

Prior to the admission of the evidence of the defendant's confession and other statements, the trial court held a hearing out of the presence of the jury to determine whether the defendant's statements were voluntary. Extensive foundation testimony was taken and based thereon, the trial court found that prior to interrogation, the defendant was advised by the police that he had a right to counsel; that he did not have to make any statement; that the police could not force him to make a statement; and that any statement he did make could be used against him. The record further indicates that the defendant knew of his rights at the time of the interrogation; that he was 22 years old; and that he was not a stranger to court procedures having been previously convicted of a felony. The trial court concluded as a matter of law and under the totality of the circumstances, that the defendant's statements were voluntary beyond a reasonable doubt.

■ The defendant contends, however, that the evidence before the trial court was inadequate and failed to show either that the defendant was properly warned of his right to remain silent or that he had effectively waived his right to counsel. The last contention of the defendant is apparently based in part on the rule of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. It must be noted, however, that this case was tried before *Miranda* was announced, and therefore, the rule of *Miranda* is not applicable. *Johnson v. New Jersey,* 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. The trial court after a hearing on voluntariness ruled that defendant's statements were made voluntarily and were not taken in violation of *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

■■ The trial court fulfilled the requirements of *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, to wit, that a court must first determine the issue of voluntariness of a confession or admission before it

118

can be presented as evidence in the jury's presence. Unless the evidence is clearly inadequate thereby reflecting an abuse of discretion by the trial court, we will not interfere with that ruling. *Osborn v. People,* 83 Colo. 4, 262 P.892 and *Mitchell v. People,* 76 Colo. 346, 232 P.685, Annot., 40 A.L.R. 566. In the instant case, the trial court's findings of fact and conclusions of law were substantiated by adequate evidence. Therefore, we hold there was no abuse of discretion and no basis for a reversal of the trial court's ruling on voluntariness.

 In effect, the defendant contends also that the confession was improperly admitted because there was a lack of sufficient independent evidence of the corpus delicti. We disagree with this contention. In our view, there was ample independent evidence of the crime. The assistant manager and three customers of the grocery store gave eyewitness testimony about the armed robbery with which defendant was charged; moreover, ". . . this court has repeatedly held that this requirement of other and independent evidence 'need be only slight' and is met if the additional evidence is sufficient to convince the jury that the crime charged is real and not imaginary." *Hampton v. People,* 146 Colo. 570, 574, 362 P.2d 864, citing *Bunch v. People,* 87 Colo. 84, 285 P.766; *Williams v. People,* 114 Colo. 207, 158 P.2d 447; and, *Downey v. People,* 121 Colo. 307, 215 P.2d 892. As in the *Hampton* case, the independent evidence here, instead of being slight, is substantial. Three people saw and testified to the crime. The statement in defendant's confession that he stole a carton of Kool cigarettes, in addition to money, was corroborated by the assistant manager's testimony. There also was independent testimony by several witnesses identifying the defendant as the man who committed the robbery. Although the robber's face was partially masked, recognition of a person under adverse conditions is generally a question of fact to be resolved by the jury. *Ortega v. People,* 161

Colo. 463, 423 P.2d 21; *Besch v. People,* 161 Colo. 229, 420 P.2d 821.

██ The defendant's admissions and independent testimony relating to four other similar robberies were properly admitted for the limited purpose of showing intent. *Ray v. People,* 125 Colo. 381, 243 P.2d 762; *Bacino v. People,* 104 Colo. 229, 90 P.2d 5. The limited purpose for which the evidence was offered was explained to the jury, and the stringent conditions for admission of this kind of evidence prescribed by this court in *Stull v. People,* 140 Colo. 278, 344 P.2d 455 were fulfilled. Hence, no error was committed in this respect. See *Peppers v. People,* 162 Colo. 586, 427 P.2d 870.

## II.

██ The defendant contends that he was denied a fair trial and that the trial court should have granted his motions for mistrial predicted upon the following alleged errors: two doctors called as the People's witnesses improperly mentioned in their testimony that they had examined the defendant at the jail; a gun, which was seen twice by the jury, was never identified sufficiently to be received into evidence; and the Deputy District Attorney made improper and prejudicial remarks in his closing argument. In our view, the defendant has equated a fair trial with a trial completely free of any irregularity or imperfection. This, however, is not the standard for a fair trial. A fair trial is a trial free of any prejudicial error affecting the substantial rights of the accused.

The court refused to admit the gun into evidence although the record reveals that a Denver detective testified that the defendant had directed him to a Denver address where he recovered the gun which the defendant stated was used by him in the various robberies. The Deputy District Attorney on two occasions thereafter questioned witnesses who were eyewitnesses to the similar transactions. As to each witness, the gun was displayed to the witness who was asked whether it was

similar to the weapon used against the victims of these other transactions. On both occasions, the trial court sustained the objections to the questions; and thereafter, it ruled that the weapon should not be shown to the jury unless a proper offer of proof was made. In ruling upon the defendant's motion for mistrial for the alleged error of displaying the unidentified gun to these two witnesses, the trial court ruled that these two instances in which the jury saw the weapon were not sufficient to create a prejudice in the minds of the jury; especially, in light of the direct testimony in the record that the defendant used a pistol in the robbery of the grocery store and during the commission of the other robberies.

With reference to the improper remarks made by the Deputy District Attorney during his closing argument, the trial court specifically gave a limiting instruction to the jury to the effect that such remarks were improper and should not be considered by the jury in its deliberations.

The irregularities of which the defendant complains in his motions for mistrial did not, in our view, strengthen the proof of the essential elements of the crime charged. We hold that the irregularities or errors complained of were not prejudicial to the substantial rights of this defendant nor did they render for him an unfair trial. *Koontz v. People,* 82 Colo. 589, 263 P.19, *May v. People,* 77 Colo. 432, 236 P.1022; *Voris v. People,* 75 Colo. 574, 227 P.551; 24B C.J.S. *Criminal Law* § 1915(3).

Nor does the cumulative effect of such irregularities or errors affect the standard of a fair trial to be applied. See *Walker v. People,* 126 Colo. 135, 248 P.2d 287, wherein this court stated:

"The test is not how many [errors] but how material and prejudicial. Perhaps no trial of any extended duration is wholly free from irregularity in some respects, but only mistakes that materially and substantially affect

a litigant's legal rights, and are prejudicial to his cause, justify reversal of the judgment."

With regard to some of the statements made by the Deputy District Attorney in his closing argument of which the defendant complains, although we do not regard such statements to be sufficiently improper to warrant reversal here, it should be distinctly understood that such statements are not approved.

### III.

The defendant further argues that the trial court deprived him of procedural due process by refusing to allow his counsel to extend his cross-examination of one of the People's medical witnesses into the question of idiocy or lunacy. The direct examination of the witness was limited to the issue of sanity, and defendant's counsel, who was granted considerable latitude in this cross-examination, elicited from the witness the statement that the defendant "certainly was not defective." It is the defendant's contention that if the issue of sanity is raised, C.R.S. 1963 40-1-2 and 3 then require the People to prove that the accused was neither an idiot, a lunatic, nor affected with insanity, is over the age of 14, or if younger, that he knows the distinction between good and evil. On this premise, the defendant argues that he should be permitted to cross-examine the medical witness of the People on the statutory definitions of idiocy or lunacy. Defendant cites no authority for his construction with respect to C.R.S. 1963, 40-1-2 and 3. In our examination of this record, and particularly, the testimony in question, we perceive no prejudicial error in this regard and hold that the trial court's ruling, which restricted this cross-examination, was not improper within the context in which the ruling was made. Furthermore, it is our view, that the construction which defendant places on C.R.S. 1963, 40-1-2 and 3 is strained, untenable, and is unsupported by any authority we have been able to discover.

122

IV.

We find no error in the trial court's refusal to give defendant's tendered instructions numbered 1 and 2. Defendant's tendered instruction 1 stated the statutory definition of "assault," but there was no evidence to support the offense of assault; and under the evidence, defendant could only be found guilty of robbery, aggravated robbery, or not guilty. Moreover, the information charged that defendant "by force and intimidation" robbed the victim. This language perforce includes robbery by assault, and the court's instruction 4 adequately instructed the jury in this regard.

Defendant's tendered instruction 2 espouses the theory that he lacked the mental ability to formulate the specific intent which is an integral part of the crime of aggravated robbery. Defendant is not entitled *in vacuo* to an instruction on his theory of the case; there must be support in the record for his theory. *Sterling v. People,* 151 Colo. 127, 376 P.2d 676; *Wertz v. People,* 160 Colo. 260, 418 P.2d 169. In the instant case, defense counsel elicited on cross-examination of the medical expert that defendant was certainly not mentally defective, and there is no other evidence in the record to the contrary which would support giving an instruction on defendant's mental capacity.

\* \* \*

Based upon our examination of this record, we find no substance to the other assignments of error alleged by the defendant, and therefore, deem it unnecessary to prolong unduly this opinion by detailing them.

In our view, the defendant was afforded a fair trial and although some errors and irregularities were present, nevertheless, we view them as harmless and nonprejudicial to the rights of the defendant. The jury's verdict of guilty is supported by ample and competent evidence.

The judgment is affirmed.