STATE OF NORTH CAROLINA v. JAMES EDWARD ROPER

No. 6825SC425

(Filed 20 November 1968)

1. Burglary and Unlawful Breakings § 3; Indictment and Warrant § 9
— indictment — description of premises broken and entered

An indictment charging defendant with the felonious breaking and entering of "a certain dwelling house and building" occupied by a named person identifies the premises with sufficient certainty to enable defendant to prepare his defense and to afford him protection from another prosecution for the same incident.

2. Indictment and Warrant § 14— sufficiency of indictment — how raised

The sufficiency of a bill of indictment may be raised only by motion to quash or motion in arrest of judgment and may not be raised by motion for judgment of nonsuit.

3. Criminal Law § 75— confessions — Miranda warnings

Failure of officers to warn illiterate defendant prior to in-custody inter-

rogation that anything he said could be used against him in a court of law renders inadmissible incriminating statements made by defendant to the officers during the interrogation.

**4. Criminal Law § 75— confession induced by offer of hope of lesser punishment**

Statement by an officer that he could not promise defendant anything but that defendant could help himself "in the eyes of the court" if he returned the stolen property *is held* an improper offer to defendant of a measure of hope for a lighter punishment which renders defendant's subsequent confession involuntary and inadmissible.

APPEAL by defendant from *Falls, J.,* June 1968 Session of Superior Court of BURKE County.

Defendant was charged in a bill of indictment with the felony of breaking and entering the dwelling house and building occupied by one Henry Lane with felonious intent to steal, take, and carry away therefrom the property of Henry Lane and was also charged with the felony of larceny of property of Henry Lane of the value of more than two hundred dollars.

Defendant pleaded not guilty and trial was by jury. The jury returned a verdict of guilty of the felony of breaking and entering with the intent to commit the felony of larceny and guilty of the charge of larceny of goods of the value of more than two hundred dollars. From judgment of imprisonment upon the verdict, the defendant gave notice of appeal to the Court of Appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Ralph Moody for the State, appellee.*

*Riddle & McMurray by John H. McMurray for the defendant, appellant.*

MALLARD, C.J.

**[1]** Defendant contends that the bill of indictment is fatally defective in failing to identify the premises with sufficient certainty to enable him to prepare his defense and afford him protection from another prosecution for the same incident. This contention is without merit.

The pertinent part of the bill of indictment alleges: "That James Edward Roper County of Burke on the 13th day of June, A.D., 1967, with force and arms at and in the county aforesaid, a certain dwelling house and building occupied by one Henry Lane . . ."

**[2]** Defendant attempts to raise the question of the sufficiency of

the bill of indictment on his motion for judgment of nonsuit. In *State v. Partlow,* 272 N.C. 60, 157 S.E. 2d 688, Justice Branch, speaking for the Supreme Court, said: "The proper methods to raise the question of the sufficiency of a bill of indictment are by motion to quash or motion in arrest of judgment. However, if the offense is not sufficiently charged in the indictment, this Court, *ex mero motu,* will arrest the judgment."

[1, 2]    Even though the question of the sufficiency of the bill of indictment is not properly raised, we are of the opinion that in this case it sufficiently describes the premises. *State v. Burgess,* 1 N.C. App. 142, 160 S.E. 2d 105; *State v. Knight,* 261 N.C. 17, 134 S.E. 2d 101.

The defendant contends that the court committed error in admitting evidence, over objection, of incriminating statements made by the defendant to the investigating officers after he was arrested and was being interrogated while in custody.

Upon a *voir dire,* properly held, the State offered evidence which, in substance, tended to show that the defendant was arrested on Friday night, 30 June 1967, about midnight and was taken to the Caldwell County Jail. The investigating officer testified that the defendant told him he could not read or write. The officer further testified 'that at the time the defendant was arrested, the following occurred:

> "He was advised of the charge and the warrant was read to him. He was advised that he did not have to talk to us at all. He had the right to remain silent and if he would like to call his lawyer, he could call his lawyer. We would have one at the Sheriff's department as soon as he got there and he had a right to communicate with his family and friends."

The State further offered evidence that the defendant was questioned late Saturday evening and made incriminating statements while being held in the Caldwell County Jail. Before he was interrogated, the defendant was informed of his rights, according to the testimony of the witness, in the following manner:

> "Sheriff Wise advised Mr. Roper that he would like to ask him some questions but before he did, Mr. Roper had the right to remain silent, he did not have to tell him anything. If he would like to have a lawyer present during the interrogation he could and if Mr. Roper could not afford a lawyer, the State would get him a lawyer, and he also informed Mr. Roper he had a right to have communication with his friends and relatives.
> . . .

Mr. Roper was informed during the interrogation that it would look better on him in the eyes of the Court if this stuff was returned but we couldn't make no promises whatsoever for him. . . .

I told him I could not promise him anything as a result of anything he might do to help us, that the only way he could be helped was for him to help himself. . . .

The Sheriff advised him that he did not have to tell anything, he could remain silent, and that he could have a lawyer present during the interrogation if he wanted to. If he could not afford a lawyer that the State would furnish him a lawyer; that he had the right to communicate with his friends and family."

In *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, it is said:

"Procedural safeguards must be employed to protect the privilege, and unless other fully effective means are adopted to notify the person of his right of silence and to assure that the exercise of the right will be scrupulously honored, *the following measures are required.* He must be warned prior to any questioning that he has the right to remain silent, *that anything he says can be used against him in a court of law,* that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." (emphasis added)

In the case of *State v. Gray*, 268 N.C. 69, 150 S.E. 2d 1, Justice Lake said:

"When the State proposes to offer in evidence the defendant's confession or admission, and the defendant objects, the proper procedure is for the trial judge to excuse the jury and, in its absence, hear the evidence, both that of the State and that of the defendant, upon the question of the voluntariness of the statement. In the light of such evidence and of his observation of the demeanor of the witnesses, the judge must resolve the question of whether the defendant, if he made the statement, made it voluntarily and with understanding. (citations omitted) The trial judge should make findings of fact with reference to this question and incorporate those findings in the record. Such findings of fact, so made by the trial judge, are conclusive *if they are supported by competent evidence in the record. No reviewing court may properly set aside or modify those findings if so supported by competent evidence in the record."* (emphasis added)

After the evidence was taken on the *voir dire,* the trial judge found "as a fact that any statement which the defendant made to the officers was made voluntarily, understandingly, after having been advised on two occasions: first, at the time of his arrest and the warrant was read to him and again prior to the interrogation, that he had the right to remain silent; *that any statement which he made could or would be used against him;* that he had the right to have an attorney present during the interrogation if he so desired and that if he could not afford a lawyer that one would be furnished to him by the State." (emphasis added)

**[3]** There is no evidence in this record indicating that this defendant, who was illiterate, was informed that anything he might say could be used against him in court. Thus, there was no evidentiary basis for the finding by the trial court to the effect that he had been so informed; therefore, the finding was in error. *State v. Gray, supra.* In *Miranda v. Arizona, supra,* it is held that the warning of the right to remain silent alone is not sufficient and that this warning "must be accompanied by the explanation that anything said can and will be used against the individual in court." In fact, this warning to the effect that anything he says may be used as evidence against him in court is one of the four specific warnings required by the *Miranda* case and *State v. Gray, supra.*

We hold, therefore, that the declaration entered on the record by the trial judge that the statement which the defendant made was voluntarily and understandingly made was a conclusion improperly reached and entered because it is based, in part, on a finding of fact not supported by the evidence.

The Attorney General in a Citation of Additional Authority calls this Court's attention to a decision of the District Court of Appeal of Florida in the case of *Ortiz v. State,* 212 So. 2d 57. In the *Ortiz* case the Florida court held that the following warning was sufficient under the *Miranda* case:

"I told him he did not have to tell me anything. He could obtain a lawyer, and if he was not in a position to obtain a lawyer, the State would furnish one to him. I told him he did not have to tell me anything without the advice of Counsel. He advised me that he would tell me about it."

We do not so construe the *Miranda* case. It is clear that the foregoing warning does not contain all four of the warnings set out in *Miranda.* Neither does it contain any other fully effective means to notify the defendant of his right of silence *"and to assure that the exercise of the right will be scrupulously honored"* as required

by *Miranda*. It does not contain the warning "that anything he says can be used against him in a court of law." This is one of the four specific requirements in *Miranda*. See also *State v. Bishop*, 272 N.C. 283, 158 S.E. 2d 511.

[4]     This confession is also tainted by offering to the defendant the hope of reward. *State v. Fuqua*, 269 N.C. 223, 152 S.E. 2d, 68. It appears from the record that at some point during the interrogation of the defendant, he was told that the officers could not promise him anything but that "it would look better on him in the eyes of the court" if the stolen property was returned.

We think that the statement made by the officer to the defendant to the effect that the officer could not promise the defendant anything but that the defendant could help himself "in the eyes of the court" if he returned the stolen property was designed and intended to, and did, improperly offer to the defendant a measure of hope for lighter punishment. Even though the officer said he was not authorized to speak for the court, we are of the opinion, under these circumstances, that this illiterate defendant was improperly induced to make the incriminating statement to the officer.

For the reasons stated, there must be a

New trial.

CAMPBELL and MORRIS, JJ., concur.