No. 24852.

The People of the State of Colorado v. Gary Wiedemer, Michael Jeffery Smith, Michael Eugene Smith.
(475 P.2d 342)

Decided October 13, 1970.

John Boyle, District Attorney, Eleventh Judicial District, William V. Crossman, Deputy, for plaintiff-appellee.

Wallace Lundquist, Deputy State Public Defender, for defendants-appellants.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

This is an interlocutory appeal from an order denying motions to suppress statements made by defendants-appellants.

▮ Defendants-appellants were charged with burglary of a vault or safe in the Pre-Parole Center of the Colorado State Penitentiary and the resultant theft of $1,724.00 of cash belonging to the inmates of the penitentiary. During the course of the investigation, they were interrogated by one John Snow and made statements in the nature of confessions. They contend that the statements were induced by promises of leniency and by trickery, and that their waivers of right to counsel were also so induced. After an *in camera* hearing, the trial court made findings that the statements were voluntarily given, that express waivers signed by the defendants-appellants were fully understood by them, that they were not coerced or misled and therefore held that the statements were admissible. We find no error.

An examination of the record clearly shows that the issues before the trial court were resolved solely on the basis of conflicting testimony. The defendants-appellants contend they were promised no charges would be filed if they made statements. The interrogating officer categorically denies this. All admit they signed express waivers of right to counsel, but one of the defendants-appellants contends he insisted on counsel until he was told no charges would be filed. The interrogating officer denies such a request for counsel was made. They all admitted they knew the effect of the waiver which they were signing. Defendants-appellants' brief directs itself to the reasons *why* this court ought to accept defendants-appellants' version of what happened during the interrogation process rather than the evidence given by the interrogating officer. The same arguments were presented to the trial court which was the trier of the fact and rejected. It is apparent from our recital of the facts that

there was competent evidence in the record to support the trial court's ruling. We have consistently held that under such circumstances we will not disturb a trial court's findings. See *Gould v. People,* 167 Colo. 113, 445 P.2d 580.

The ruling is affirmed.