**No. 26208**

**The People of the State of Colorado v. Charles Franklin Parker**

(541 P.2d 74)

Decided September 29, 1975. Rehearing denied October 20, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, J. Stephen Phillips, Assistant, Joseph M. Goldhammer, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant, Charles Franklin Parker, was convicted of first-degree arson in violation of 1971 Perm. Supp., C.R.S. 1963, 40-4-102.[1] We affirm the judgment of conviction.

Shortly after 10 o'clock on the night of November 21, 1972, a fire broke out in a K Mart store in Englewood, which almost completely destroyed the building and its contents. Subsequent investigation focused suspicion on appellant Parker who had been the last customer of the day in the sporting goods department of the store where the fire started a few minutes after closing. Other evidence implicating appellant consisted of certain newspapers and gasoline cans found in two of appellant's recently impounded automobiles.

A meeting was arranged, voluntarily on the part of appellant, between him and officials of the Colorado Bureau of Investigation (CBI). At this meeting, Parker was first advised of his constitutional rights and signed a waiver thereof. After several hours of questioning by CBI agents,

---

[1] Now section 18-4-102, C.R.S. 1973.

he confessed to setting the K Mart fire. His verbal confession was reduced to writing and was read, corrected and signed by him.

Parker entered a plea of not guilty and a jury trial was set for May 14, 1973. He filed a motion to suppress from evidence his confession and the gasoline cans and newspapers found in his automobiles. After a pre-trial evidentiary hearing, the court denied his motion. At the conclusion of the trial, the jury returned its verdict of guilty.

## I.

Appellant's first contention of error is that the court erroneously denied his motion to suppress from evidence the signed confession. He argues that the confession was involuntarily made, was obtained from him without the presence of counsel, and was the product of mental coercion and other improper inducements. He argues that his will to resist crumbled after eight and one-half hours of grueling interrogation; that information out of his past was used to unnerve him; that he was promised leniency if he confessed; that as a result of these pressures he felt his position was "hopeless"; and that he therefore confessed, not because he was guilty, but because he could no longer withstand the pressures of the interrogation room.

The trial court made extensive findings at the conclusion of the suppression hearing, adverse to appellant. The court found no evidence whatever of overbearing on the part of the police. The conduct of the police during their interrogation of appellant was characterized by the court as that of "gentlemen." The court found appellant was neither threatened nor coerced. He was told he could leave at any time if he wished and, in fact, was allowed to leave briefly to pick up some personal possessions. The court further found that he was advised he could make phone calls at will and call people whom he desired to call, including his attorney, and that he chose to proceed without his attorney. The court concluded that appellant knowingly and intelligently waived his rights against self-incrimination; that, although he had been given several opportunities to invoke those rights, he chose not to do so; and that he voluntarily and freely, without threats or coercion, made the inculpatory statements to the investigating officers. The findings of the court are amply supported by competent evidence in the record and will not be disturbed on review. *People v. Wiedemer*, 173 Colo. 8, 475 P.2d 342. We find this argument of appellant to be without merit.

## II.

Appellant further contends that the confession was inadmissible in evidence because it was the direct result of an unconstitutional search and seizure of his impounded automobiles. This contention was not raised in the trial court.

The evidence at the suppression hearing and at trial showed that two days after the K Mart fire appellant, who had been several months delinquent in his rent, moved out of his apartment, which was near the K Mart store. He left no forwarding address or telephone number at which he

might be contacted. His two automobiles remained in the apartment parking lot. The apartment manager notified the police of the abandoned cars and, after a 72-hour waiting period in which police attempted to locate appellant, the two cars were towed away to the city car pound pursuant to a local ordinance. Later, an inventory search was conducted by the city property custodian. *See People v. Roddy*, 188 Colo. 55, 532 P.2d 958. During the inventory, gasoline cans and certain newspapers were found. Appellant argues that this search was unconstitutional because he was not given notice of the impending impoundment and therefore was denied due process, and for the further reason that the search was not made pursuant to a search warrant.

The trial court found that appellant had abandoned the vehicles in question, a finding which is not challenged here on appeal. There is competent evidence in the record to support the court's finding of abandonment. We reaffirm that which we said in *Kurtz v. People*, 177 Colo. 306, 494 P.2d 97: a person who has abandoned a vehicle is not an aggrieved person under Crim. P. 41(e) and has no standing to suppress evidence seized in a search of that vehicle. Appellant's argument is without merit.

The record demonstrates that appellant was represented by able counsel who presented a vigorous defense. In our view, appellant was afforded a fair and impartial trial and the jury's verdict of guilty was amply supported by an abundance of direct and circumstantial evidence. We find no error warranting reversal.

The judgment is affirmed.

MR. JUSTICE ERICKSON concurs in the result.