## No. 24746

## Robert William Dyett, alias Thomas Wade, alias Tommy Wade v. The People of the State of Colorado
(494 P.2d 94)

Decided March 6, 1972.

R. Allan Glover, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard G. McManus, Jr., Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Dyett was convicted by a jury of second-degree burglary of a church building. The sole issue presented for our consideration on this appeal is whether the defendant was questioned by the police in violation of his constitutional rights and whether an oral statement obtained from him was improperly admitted into evidence.

The defendant was arrested inside the church building at approximately 2:00 a.m. on July 26, 1969 by police officers. He was advised of his constitutional rights by the officers and he informed them that he did not wish to say anything. The defendant was taken to the police station and was again fully advised of his rights. He refused to sign an advisement of rights form and again stated that he did not want to discuss the matter. Consequently, no interrogation was conducted, and he was removed to a jail cell for the rest of the night.

About 11:00 a.m. on the same date, another police officer went to the defendant's cell and again fully advised him of his right to remain silent and his right to counsel. This officer then asked the defendant if he wished to discuss the matter and he replied in the affirmative. In response to a question as to why he was in the church building, defendant replied that

he was looking for money. He also said that he had not committed any other crimes in Pueblo.

The foregoing facts were developed at an *in camera* hearing held during the course of the trial. The trial judge made a finding that the statement was voluntary and allowed it to go before the jury.

The defendant argues that once he stated that he did not wish to discuss the alleged burglary with the police, it was a violation of his constitutional rights for the police to return and again attempt to question him.

■■ The defendant would have us interpret the decision of the United States Supreme Court in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) to mean that after an accused has once refused to talk to law enforcement officers, they are forever barred from asking the defendant any further questions. Such an interpretation is not validated by any phraseology in *Miranda,* nor is it justified in terms of the evils *Miranda* sought to interdict. What the court was referring to in *Miranda* were those cases in which the police refuse to take no for an answer and continue to question, harass, cajole, and coerce the defendant in total disregard of his desire to exercise his constitutional right to remain silent. See discussions of this very point in *Jennings v. United States,* 391 F.2d 512 (5th Cir. 1968); *State v. Godfrey,* 182 Neb. 451, 155 N.W. 2d 438 (1968); *State v. McClelland,* 164 N.W.2d 189 (Iowa 1968); *State v. Bishop,* 272 N.C. 283, 158 S.E. 2d 511 (1968).

The record in this case clearly reflects that the police fully respected defendant's expressed desire to remain silent initially. It also reflects that the police officer who contacted defendant later in the morning inquired whether the defendant had or desired to have an attorney. The defendant responded that he did not desire an attorney and that he did want to discuss the burglary at that time. The record does not reflect, nor does the defendant contend, that he was harrassed, coerced in any manner, or questioned for prolonged intervals. For a variety of reasons, a person who initially refuses to talk, may later reconsider his decision and

desire to discuss the matter with the police.

When the police are met with a refusal to make any statement during an attempted in-custody interrogation, a periodic repeating of the procedure until the accused finally makes a statement would not be permitted. However, an otherwise knowing and voluntary waiver of counsel and of the right to remain silent should not be declared invalid waivers merely because of silence at some previous time. When the police fully honor a defendant's refusal to make a statement, the fact of a prior refusal to make any statement should not taint the statement subsequently given under the circumstances as shown from the record in this case.

In accord, *see Sergent v. People,* 177 Colo. 354, 497 P.2d 983, and *Carroll v. People,* 177 Colo. 288, 494 P.2d 80.

The trial court was correct in concluding that the defendant made a voluntary, knowing and intelligent waiver of his right to counsel, and his right to remain silent. Therefore, the trial court's ruling that the oral statement of the defendant was admissible is not error.

Judgment affirmed.

MR. JUSTICE LEE not participating.