## No. 27092

## The People of the State of Colorado v. Hoyt Allen Harris

(552 P.2d 10)

Decided July 6, 1976.

Robert L. Russel, District Attorney, David H. Zook, Deputy, for plaintiff-appellant.

Charles J. Haase, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This interlocutory appeal was filed by the prosecution after the district court granted the defendant's motion to suppress certain statements which he made in the course of a custodial interrogation by the police. The defendant, Hoyt Allen Harris, is charged with first-degree burglary. At the conclusion of the suppression hearing, the district court ruled that defendant's statements to police officers after he was arrested were elicited in violation of the procedural safeguards set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We affirm the ruling of the district court.

On Saturday, July 5, 1975, the defendant was arrested and taken to the sheriff's office where he was detained in the "control room" for approximately two hours. Thereafter, he was questioned in a detective's office after being advised of his rights both orally and in writing.

While the defendant's rights were being read, he asked the detectives, "When can I get a lawyer?" The detectives replied, "Monday morning." The defendant then asked, "When can I make a phone call?" The detectives responded that he could make a phone call after he had been booked. The defendant then asked when he would be booked, and the detective answered, "After you have talked to us." Subsequently, the detectives showed the defendant a waiver of rights form on which the *Miranda*

warnings were written, including the advisement that the defendant was entitled to have a lawyer present while he was being questioned. The defendant signed the waiver form and then made.incriminating statements to the detectives.

At the time of the questioning, the defendant was eighteen years of age. He had no prior arrests and had never before been interrogated at a police station. The detectives stated that he seemed nervous and upset and on the verge of tears. At the suppression hearing, the defendant testified that the prospect of going to jail frightened him and caused him to talk to the detectives.

■ There is evidence in the record which supports the findings made by the trial court, and we will not substitute our judgment for that of the trial court on the factual issues relating to the suppression of the defendant's statements. *See generally, People v. Gonzales*, 186 Colo. 48, 525 P.2d 1139 (1974); *Gould v. People*, 167 Colo. 113, 445 P.2d 580 (1968).

■ In *Miranda v. Arizona, supra*, the United States Supreme Court declared that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." The Court specified a number of procedural safeguards which must be observed during the course of an investigation. In pertinent part, the Court stated:
"Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used against him, and that he has a right to the presence of an attorney, either retained or appointed." *Miranda v. Arizona, supra*.

■ The defendant is permitted to waive these rights, but the waiver must be made "voluntarily, knowingly and intelligently." *Miranda v. Arizona, supra*; *see also Michigan v. Tucker*, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974). A "heavy burden" rests upon the prosecution to show a waiver of the constitutional privilege against self-incrimination and the right to retained or appointed counsel. *Miranda v. Arizona, supra, see also Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Sullins v. United States*, 389 F.2d 985 (10th Cir. 1968). Moreover, "a valid waiver will not be presumed . . . simply from the fact that a confession was in fact eventually obtained." *Miranda v. Arizona, supra*; *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

■ The defendant was clearly entitled to have an attorney present during the course of the interrogation. *Miranda v. Arizona, supra*; *United States v. Cassell*, 452 F.2d 533 (7th Cir. 1971). *Compare Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). The defendant made a request for an attorney, and the police officers were thereby placed on notice that the defendant intended to

exercise his constitutional rights. Admittedly, the demand was not in the most sophisticated or legally proper form, but it was adequate. At that point, all interrogation should have ceased until an attorney was made available to the accused. The fact that the accused did not "demand" an attorney does not persuade us that he was not exercising his rights. The accused was young, timid, and inexperienced in such situations; his failure to make a forceful demand for counsel does not dilute the fact that he made a request. The failure of the detectives to honor his request by immediately discontinuing their interrogation violated the defendant's constitutional rights under *Miranda v. Arizona, supra.*

█ We do not intimate that when an accused requests counsel he is entitled to "instant counsel," *compare United States v. Cassell, supra*; *United States v. Garcia*, 431 F.2d 134 (9th Cir. 1970), *with Wright v. State of North Carolina*, 483 F.2d 405 (4th Cir. 1973); *Mayzak v. United States*, 402 F.2d 152 (5th Cir. 1968), or that every police station should have a "station house lawyer" available at all times to advise prisoners. *Miranda v. Arizona, supra.* We point out, however, that once the accused has requested counsel, the police officers must cease interrogation immediately and must, within a reasonable period of time, provide the accused with an opportunity to talk to an attorney. Inasmuch as the trial court did not find the statement to be involuntary, the prosecution may at its option utilize the defendant's statements for the purposes described in *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

Accordingly, we affirm the ruling of the district court.

MR. JUSTICE HODGES does not participate.