**Joe Vern PIERCE, Appellant,**

v.

**Harold J. CARDWELL, Superintendent Arizona State Prison, Appellee.**

No. 76–3396.

United States Court of Appeals, Ninth Circuit.

April 4, 1978.

James A. Miller, Oakland, Cal., for appellant.

Bruce E. Babbitt, Atty. Gen., Phoenix, Ariz., for appellee.

Before BROWNING, GOODWIN, and KENNEDY, Circuit Judges.

GOODWIN, Circuit Judge:

Joe Pierce, an Arizona state prisoner, appeals from the district court's denial of his petition for a writ of habeas corpus. Pierce seeks relief from a sentence of life imprisonment imposed after his conviction in 1974 for first degree murder.

Pierce's petition enumerates alleged violations of his constitutional rights during his state trial. All of these claims were raised in a state-court petition for post conviction relief which was denied without an evidentiary hearing. Upon the recommendation of a United States magistrate, the district court also denied Pierce's petition without an evidentiary hearing.

The most important of Pierce's claims is his contention that his Fifth and Sixth Amendment rights were violated by the admission at his trial of certain incriminating statements made by him after he had asked to see a public defender.

This court must conduct a two-step inquiry in dealing with this type of claim. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct.

745, 9 L.Ed.2d 770 (1963). First, we must determine whether Pierce has alleged facts which, if proved, would entitle him to relief. If we find that he has, we must then determine whether the district court was required to hold an evidentiary hearing to establish the truth of his allegations.

According to Pierce's version of the facts, he asked to see a public defender shortly after the police took him into custody. He claims, in effect, that the police ignored his request and continued to ask him questions about his involvement in the crime. He also claims that he was intoxicated at the time of his arrest and was suffering from the combined effects of excessive amounts of alcohol and Valium.

Pierce contends that the statements he made in response to questioning by police officers after he had expressed his desire to speak to an attorney were inadmissible. To support his claim he points to the following language from Miranda v. Arizona, 384 U.S. 436, 474, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966): "If the individual states that he wants an attorney, the interrogation must cease until an attorney is present."

In the recent case of United States v. Rodriguez-Gastelum, 569 F.2d 482 (9th Cir. 1978) (en banc), this court held that after a suspect in a criminal investigation requests the assistance of counsel, questioning can resume if the prisoner waives his right to counsel even if the prisoner has not yet spoken to a lawyer. The court held that statements made in response to police interrogation after a request for counsel are admissible only if the court finds a waiver as defined in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ The facts alleged by Pierce indicate neither an express nor an implied waiver of his right to counsel. If established as a fact, his intoxication may have made him incapable of a voluntary, knowing, and intelligent waiver. Moreover, even if he was physically capable of waiving his rights, the mere fact that he answered the questions put to him after he requested an attorney would not support a presumption that he had waived those rights. In Miranda, the Supreme Court expressly held that

"a valid waiver will not be presumed simply from * * * the fact that a confession was in fact eventually obtained." 384 U.S. at 475, 86 S.Ct. at 1628.

The facts presented by Pierce in his habeas corpus petition are distinguishable from the facts in Rodriguez-Gastelum and the cases it cites in which waivers of the right to counsel were found. In Rodriguez-Gastelum, when the suspect was asked if he would talk with a DEA agent, he answered, "Okay, okay, but with an attorney." The agent asked him if he was willing to talk with him right then without an attorney, and the suspect responded, "That's fine." The court noted that the agent's question, asked only to clarify the suspect's wishes, should not be characterized as "interrogation", 569 F.2d at 485, n. 6 and held that the suspect's waiver was "explicit, clear, and unequivocal", 569 F.2d at 488.

■ In the cases cited in Rodriguez-Gastelum in which waivers were found, the police had not continued to interrogate the suspects about the crimes after requests for counsel were made. Instead, the police officers had presented the evidence available against the suspects and the direct questioning did not begin again until the suspects had indicated their willingness to cooperate. See United States v. Pheaster, 544 F.2d 353 (9th Cir. 1976), cert. denied sub nom. Inciso v. United States, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977); United States v. Davis, 527 F.2d 1110 (9th Cir. 1975); United States v. Hodge, 487 F.2d 945 (5th Cir. 1973). The court in Rodriguez-Gastelum noted that there was a crucial distinction between questioning a suspect and presenting evidence to him. While continued questioning of a suspect about his involvement in a crime is impermissible after a request for an attorney, and statements made thereafter are inadmissible in the absence of a waiver, the police are allowed to present incriminating evidence to the suspect even after a request for an attorney has been made.

We cannot say that the constitutional error alleged by Pierce was harmless if it occurred. While there was overwhelming

evidence, including the statements that Pierce made to the police before his request for an attorney, to show that Pierce had killed the victim, the question at trial was whether Pierce had had the requisite mental state to commit first degree murder. The statements made after his request for a lawyer were relevant to this issue.

■ Since Pierce's habeas corpus petition does allege a deprivation of his constitutional rights, Pierce was presumably entitled to an evidentiary hearing on his petition in the district court. Where the facts are in dispute, the federal court to which a habeas corpus petition is made must grant an evidentiary hearing if the merits of the factual dispute were not resolved in a hearing in a state court, either at the time of trial or in a collateral proceeding. *Townsend v. Sain,* 372 U.S. at 312–13, 83 S.Ct. 745.

In the case now before us, the facts in dispute are the level of Pierce's intoxication at the time of his interrogation, and the extent to which the police interrogation of Pierce continued after he requested an attorney. These facts are crucial to a determination of whether Pierce waived his constitutional rights before making the statements in question.

The state trial court held a pretrial "voluntariness" hearing at which the issue of the admissibility of these statements was raised. Since the statements were admitted at trial, we can assume Pierce's claim was rejected on the merits. However, the trial court made no express findings of fact and did not articulate the constitutional standard applied. Therefore, under *Townsend v. Sain,* the district court was required to hold an evidentiary hearing unless it was able to "reconstruct" the state court's factual findings. 372 U.S. at 314, 83 S.Ct. 745.

*Townsend v. Sain* provides that the district court may, in an ordinary case, assume that the state trier of fact applied the correct constitutional standards. Once this assumption has been made, the district court is able to reconstruct the state court's factual findings from the state court decision. However, where the issue of law on the facts alleged presents a novel or difficult

problem for decision, "any hypothesis as to the relevant factual determination of the state trier involves the purest speculation." 372 U.S. at 315, 83 S.Ct. at 758. Moreover, reconstruction is not possible if there is reason to suspect that an incorrect standard was applied.

In this case, the state produced no evidence of an express waiver by Pierce. The waiver, if any, was implied. The state introduced more than twenty statements that the defendant was said to have made during an approximately two-hour period following his arrest. The police officers who testified to these statements said that the defendant had requested an attorney approximately fifteen minutes after the interrogation began. While several witnesses testified that the interrogation had ceased after this request, it is unclear under what circumstances the questioning resumed. There may be facts in the record to support a finding of implied waiver, but the record as a whole leaves us with the impression that the essential factual issues were never adequately resolved in the trial court.

■ The facts in this case present a difficult legal question. The facts which will support the finding of an implied waiver of *Miranda* rights have been the object of much discussion and debate in this circuit. *See Rodriguez-Gastelum, supra.* Under the circumstances, the district court could not have reconstructed the state court's findings. An evidentiary hearing was required.

Our conclusion that an evidentiary hearing was necessary is reinforced by certain statements by the trial judge which create doubt as to whether he applied the correct test in determining whether Pierce had waived his rights after requesting an attorney.

At sentencing, the judge found that at the time of the offense Pierce's mental capacity had not been sufficiently impaired to constitute a legal defense. He found, however, that:

 " * * * [A]t the time of the offense [Pierce was] suffering from severe alcoholic intoxication, excessive consumption of Valium, a tranquilizer, a severe, acute

organic brain syndrome, severe mental anguish and agitation, extreme frustration and rage."

This finding suggests that the judge did not believe the evidence introduced at the voluntariness hearing by the prosecution to the effect that Pierce did not appear to be intoxicated at the time of his arrest shortly after the killing.

In spite of this finding, there is no indication in the record that the judge considered Pierce's mental and physical state in determining whether there had been a valid waiver of his rights before he made the statements in question. His mental and physical state should have been a critical factor in the waiver determination. In *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), the Supreme Court held that the waiver determination "must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused."

We hold that the petitioner in this case is entitled to an evidentiary hearing in the district court. It is the task of the district court to resolve all factual questions in determining whether Pierce waived his rights before making the statements at issue in his petition.

Pierce also contends that he was denied the effective assistance of counsel. A review of the record reveals that Pierce was represented by competent counsel. We agree with the district court that no evidentiary hearing is required on this claim. *See Mackey v. Oberhauser,* 437 F.2d 120 (9th Cir. 1971).

Pierce's third claim is that the prosecutor at his trial knowingly introduced perjured testimony. Since a literal reading of *Townsend v. Sain* requires an evidentiary hearing on this claim as well, Pierce is entitled to present evidence on this issue at the hearing on remand.

The remainder of Pierce's claims are without support in the record.

Reversed and remanded.