The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

William Gilbert BANUELOS,
Defendant-Appellant.

No. 82CA0156.

Colorado Court of Appeals,
Div. I.

Aug. 4, 1983.

Rehearing Denied Sept. 15, 1983.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Valerie J. McNevin-Petersen, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

.. BABCOCK, Judge.

Defendant, William Gilbert Banuelos, appeals the judgment of conviction of second degree burglary entered upon a jury verdict of guilty, contending that the trial court erred in admitting into evidence a written statement he made to police, and that the prosecution's failure to provide the defense with a police report subject to a discovery order constituted reversible error. We affirm.

Defendant was arrested at night inside a grocery store. Entry had been gained by breaking a glass door. Defendant was orally advised of his rights pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), at the crime scene. No interrogation was then attempted. Upon arrival at the police station he was advised of his *Miranda* rights in writing. Defendant refused to make any statement.

During booking at the police station, defendant made spontaneous inculpatory statements. Shortly thereafter, while being transported to the hospital for treatment of a cut, he again made spontaneous inculpatory statements. The following morning, after being advised of his *Miranda* rights for the third time, he signed a written waiver of his right to remain silent and to be represented by an attorney, and gave a written statement to the police. At trial, defendant stipulated that the form of advisement was proper, that the statement was voluntary and did not object to its admission into evidence.

While cross-examining the investigating officer at trial, defense counsel became aware that the officer had made a written incident report that had not been provided pursuant to the court's discovery order. The report apparently had not been provided to the prosecution by the police. Defendant moved for a mistrial or alternatively that all the officer's testimony be stricken. After examining each item of information on the report the court determined that

no prejudice had resulted from the failure to disclose, and denied defendant's motion, but granted defendant a continuance to study the report, permission to cross-examine the officer on it, and the opportunity to call additional witnesses as necessary.

I.

Defendant asserts, for the first time on appeal, that exercise of his right to remain silent following the *Miranda* advisement at the scene of the crime constituted an affirmative request for the presence of counsel. He argues that there is no evidence in the record to support a finding of a knowing and intelligent relinquishment of his right to remain silent and his right to counsel. Hence, he claims that the trial court erred in admitting his written statement.

Although defendant failed to object to the admission of the written statement at trial and, in fact, stipulated through counsel to its voluntariness, we elect to address the merits of his contention under the plain error rule. *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972).

If the accused indicates that he wishes to remain silent, interrogation must cease. *Miranda v. Arizona, supra.* An initial exercise of the constitutional right to silence, followed directly with an officer's interrogation, will not be permitted. *People v. Chavez,* 632 P.2d 574 (Colo.1981). Nor may the officers meet the exercise of the constitutional right to silence with periodic interrogations calculated to secure the accused's statement. *Dyett v. People,* 177 Colo. 370, 494 P.2d 94 (1972). However, the accused may waive his right to remain silent and respond to interrogation after the *Miranda* advisement, *North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979), so long as there is sufficient evidence of record to establish a knowing, intelligent waiver of the right to remain silent. *People v. Chavez, supra.*

Here, after several advisements, the defendant, of his own volition, initiated discourse with the officers by making the spontaneous inculpatory statements. Defendant's spontaneous statements to the officers, coupled with the time elapsed between his initial exercise of his right to remain silent at the crime scene and the following morning when he was readvised, is sufficient to establish a knowing, intelligent and voluntary waiver of his right to remain silent. *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *Oregon v. Bradshaw,* —— U.S. ——, 103 S.Ct. 2830, 77 L.Ed.2d 405 (1983).

Moreover, we reject the contention that the mere exercise of the right to remain silent at the crime scene constitutes a request for counsel. *Cf. People v. Richards,* 194 Colo. 83, 568 P.2d 1173 (1977); *People v. Harris,* 191 Colo. 234, 552 P.2d 10 (1976). We conclude that the record supports the defendant's knowing, intelligent and voluntary waiver of his right to remain silent and right to be represented by counsel when his written statement was made. The defendant having stipulated as to its voluntariness, the trial court did not err in admitting it at trial.

II.

While we agree that the prosecution's failure to provide the defendant with the police report violated Crim.P. 16, the trial court did not abuse its discretion in fashioning an appropriate remedy.

Material in police possession is constructively in the possession of the prosecution for the purposes of discovery. *People v. District Court,* 664 P.2d 247 (Colo. 1983); *People v. Lucero,* 623 P.2d 424 (Colo. App.1980). However, sanctions for failure to comply with Crim.P. 16 are within the trial court's discretion and depend upon the contents of the undisclosed material. *People v. District Court, supra.* A new trial is required only if the undisclosed information might have affected the outcome of the trial. Where defendant's rights are not affected, the trial court may consider judicial economy in fashioning a remedy. *People v. Thatcher,* 638 P.2d 760 (Colo.1981).

■ Here, the trial court reviewed the information on the reports and found that it was either cumulative to information provided to the defense, or was immaterial to the outcome of the trial. Accordingly, it denied the sanctions requested by defendant, but allowed him a continuance to study the document and an opportunity to examine witnesses as to its contents. We cannot say that this constituted an abuse of discretion. *See People v. District Court, supra.*

Judgment affirmed.

PIERCE and VAN CISE, JJ., concur.