The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Robert Rocky GREEN, Defendant–Appellant.

No. 86CA0848.

Colorado Court of Appeals, Div. VI.

April 14, 1988.

Rehearing Denied May 19, 1988.

Certiorari Denied Aug. 15, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

WILSON *, Judge.

Defendant, Robert Rocky Green, appeals the judgment of conviction of second degree burglary and felony theft entered upon guilty verdicts. We affirm.

The record discloses that at about 4:20 on the morning of July 17, 1985, a police officer noticed a car leaving a shopping plaza in Arvada. There were two or three people in the car and some large items. The officer pursued the car and shortly after beginning pursuit received a report of a burglary in the area. A high speed chase ended when the fleeing car crashed, and the car's occupants fled. Five blocks away from the crash site two men were taken into custody. One of the men was defendant Green; the other was Baron Lee Hall. Hall first implicated Green in a statement to the police but subsequently and at trial testified that Green was not involved.

I.

Defendant first contends that the trial court abused its discretion in failing to declare a mistrial upon disclosure at trial of a second police interview with the witness

Hall, which was unknown to defendant. We disagree.

On January 10, 1986, the court entered a reciprocal discovery order pursuant to Crim.P. 16. The prosecution disclosed to defendant that the witness Hall had been interviewed on July 17, 1985, but failed to disclose that Hall had been interviewed again on July 18, 1985. In the interview on July 17, 1985, Hall implicated the defendant. In the July 18, 1985, interview, the police were seeking information about *other crimes* and the defendant was in no way involved or implicated. The officer conducting the interview did state that if Hall cooperated with regard to the other crimes he, the officer, would "talk to the district attorney," but no promises were made to Hall. At the trial itself, Hall testified that the defendant was not involved in the crimes for which he was being tried and that another individual had been his co-participant.

Under these circumstances, the interview of July 18, 1985, was not relevant to the trial of the defendant. Hence, there was no abuse of discretion in the court's denial of a mistrial. *See People v. Banuelos*, 674 P.2d 964 (Colo.App.1983).

II.

The defendant next contends that the trial court committed plain error in allowing him to stand trial in an "orange jump suit" which he characterizes as prison garb. We disagree.

There is nothing in the record to support defendant's contention. While one witness identified defendant at trial as wearing an orange jump suit, there is no indication that such clothing was a jail uniform. Defendant made no objection or motion during trial with reference to his attire, nor did he raise this point in his motion for a new trial.

For an asserted error to be plain error, it must seriously affect the substan-

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

tial rights of the accused. *See People v. Campbell,* 678 P.2d 1035 (Colo.App.1983).

The case of *Estelle v. Williams* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) deals with the attire issue raised here and rejects the arguments made by defendant. Applying the *Estelle* analysis here, we conclude that the trial court did not commit plain error.

### III.

The defendant's final contention is that, since he is black, the trial court erred in failing to grant a new trial because there were no black persons on the jury or on the jury panel. This issue was first raised in the motion for new trial. We disagree with defendant's position.

Under § 13–71–113, C.R.S. (1987 Repl. Vol. 6A), the time limitation for challenging a jury panel because of failure to comply with the Uniform Jury Selection and Service Act, § 13–71–101, et seq., C.R.S. (1987 Repl.Vol. 6A), is within seven days of discovery of the grounds for challenge and before the petit jury is sworn to try the case. The statutory procedures are the exclusive means for challenging a jury panel not selected in conformity with the article. Having failed to comply with the statute, defendant may not obtain reversal of the judgment for any alleged impropriety in the make up of the jury panel.

Judgment affirmed.

SILVERSTEIN and BINDER, JJ., concur.