24CA0038 Peo v Owens 11-21-2024

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 24CA0038
City and County of Denver District Court No. 06CR7406
Honorable Ericka F.H. Englert, Judge

_____

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Gregory Mark Owens,

Defendant-Appellant.

_____

ORDER AFFIRMED

Division I
Opinion by JUDGE LIPINSKY
J. Jones and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

_____

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Gregory Mark Owens, Pro Se

¶ 1     Gregory Mark Owens appeals the district court's order denying his fifth Crim. P. 35(c) motion (the fifth motion) without a hearing. We affirm.

¶ 2     A jury found Owens guilty of first degree murder. On direct appeal, Owens contended, as relevant here, that the prosecution violated his Fifth Amendment privilege against self-incrimination by "us[ing] his pre-arrest silence as substantive evidence of his guilt and sanity." *People v. Owens*, slip op. at 8 (Colo. App. No. 08CA1834, May 16, 2013) (not published pursuant to C.A.R. 35(f)). A division of this court rejected Owens's Fifth Amendment argument and affirmed the judgment of conviction. *See id.* at 8-13, 19.

¶ 3     In 2014, Owens filed his first pro se Crim. P. 35(c) motion (the first motion), in which he asserted, as relevant here, a different Fifth Amendment violation from the one presented in his direct appeal: the trial court erred by denying his motion to suppress the inculpatory statements he made during a custodial interrogation without a valid waiver of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). The district court summarily denied the first motion without addressing Owens's *Miranda* claim.

¶ 4       Owens did not appeal the denial of the first motion.  Instead, he filed three more pro se postconviction motions, each of which included, among other claims, a *Miranda* claim.  The district court summarily denied these motions as successive in 2015, 2017, and 2021.  *See* Crim. P. 35(c)(3)(VI), (VII).  Owens appealed the denial of his fourth postconviction motion, and a division of this court affirmed.  *See People v. Owens,* (Colo. App. No. 21CA2050, June 15, 2023) (not published pursuant to C.A.R. 35(e)).

¶ 5       Owens filed the fifth motion in 2023, in which he asserted, among other claims, another *Miranda* claim.  He argued that the *Miranda* claim in the fifth motion was excepted from the successiveness bar because the claim rested on section 16-3-406, C.R.S. 2024, a statute enacted in 2023.  Ch. 192, sec. 1, § 16-3-406, 2023 Colo. Sess. Laws 963-65.  Owens asserted that section 16-3-406 established "a new rule of constitutional law that was previously unavailable" and, therefore, his argument premised on the statute was not successive under Crim. P. 35(c)(3)(VI)(b), (VII)(c).  The district court denied the fifth motion as successive, and Owens appeals.  All of Owens's arguments in this appeal rest on section 16-3-406.

¶ 6    We review de novo a district court's decision to deny a Crim. P. 35(c) motion without an evidentiary hearing.  *People v. Cali*, 2020 CO 20, ¶ 14, 459 P.3d 516, 519.  A district court may deny a defendant's Crim. P. 35(c) motion without an evidentiary hearing if the motion, files, and record of the case show to the satisfaction of the court that the defendant is not entitled to relief.  Crim. P. 35(c)(3)(IV).

¶ 7    Generally, a district court must deny any claim that was raised and resolved, or that could have been presented, in a prior appeal or postconviction proceeding.  *See* Crim. P. 35(c)(3)(VI), (VII).  One of the exceptions to this requirement applies to postconviction claims "based on a new rule of constitutional law that was previously unavailable, if that rule should be applied retroactively to cases on collateral review."  Crim. P. 35(c)(3)(VII)(c).  Owens contends that the enactment of section 16-3-406 qualifies as an exception under Crim. P. 35(c)(3)(VII)(c).  We disagree.

¶ 8    Section 16-3-406 did not establish a new rule of constitutional law that was previously unavailable — rather, the statute explicitly codified the procedural safeguards recognized in *Miranda* to "provide independent statutory protection *consistent with Miranda*

3

*in no greater or lesser degree."* § 16-3-406(1)(i) (emphasis added); *see* § 16-3-406(1)(e)-(h).  In other words, the statute provides the same constitutional protections that the Supreme Court prescribed in *Miranda* in 1966.

¶ 9     The specific rule of law that Owens seeks to apply — that any waiver of the privilege against self-incrimination must be made voluntarily, knowingly, and intelligently — is not new and was available to Owens at the time of his direct appeal in 2008.  *See Miranda*, 384 U.S. at 444; *see also People v. Harris*, 552 P.2d 10, 12 (Colo. 1976).  Even if section 16-3-406 could be viewed as establishing a new rule of law, the rule appears in a newly enacted statute and is not a "new rule of *constitutional* law" that was previously unavailable.  Crim. P. 35(c)(3)(VII)(c) (emphasis added).  Accordingly, Crim. P. 35(c)(3)(VII) bars as successive the *Miranda* claim that Owens presented in the fifth motion.

¶ 10     Owens does not assert that any other exception in Crim. P. 35(c)(3)(VII) applies to the claims raised in the fifth motion.  Thus, we conclude that the fifth motion is successive, no exception to the successiveness bar applies, and the district court properly denied the fifth motion without a hearing.

4

The order is affirmed.

JUDGE J. JONES and JUDGE SULLIVAN concur.